FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORA P.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:23-cv-05125-RHW <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> **ECF Nos. 10, 12, 15** |

Before the Court is the Report and Recommendation issued by Magistrate Judge James. A. Goeke, ECF No. 15, recommending Plaintiff's Motion for Summary Judgment, ECF No. 10, be denied and Defendant's Motion for Summary Judgment, ECF No. 12, be granted. Plaintiff filed objections to the Report and Recommendation and Defendant responded. ECF Nos. 16, 17.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

magistrate." 28 U.S.C. § 636(b)(1).  If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).  Nevertheless, objections to a magistrate judge's report and recommendation are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g., El Papel LLC v. Inslee*, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendations when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

  The Court has conducted a de novo review of the entire record and the Report and Recommendation.  The Court finds the Magistrate Judge's findings are correct.  Therefore, the Court adopts the Report and Recommendation in its entirety with the following additional explanation.

  Plaintiff contends the Magistrate Judge did not review Plaintiff's Reply because it was not cited or mentioned in the Report and Recommendation. ECF No. 16 at 1-2.  However, this is not evidence the Court neglected the Reply; rather

ORDER - 2

it reflects that the Reply did not change the recommendation.

      Plaintiff objects to the Report and Recommendation's finding that Plaintiff waived her challenge to the reasons the ALJ discredited Dr. Fix-Lanes' opinions by failing to specifically challenge them. *See* ECF No. 15 at 13. Plaintiff argued in the Opening Brief that Dr. Fix-Lanes' opinions "hinged [] on the lack of objective evidence or more significant treatment recommendations," which Plaintiff addressed earlier in the brief. ECF No. 16 at 2. However, the ALJ's findings did not "hinge" on just two reasons. In addition to the lack of objective evidence and treatment, the ALJ explained that Dr. Fix-Lane's limitations contained "no support in this provider's contemporaneous treatment notes," they "were also offered without any detailed explanation," and they were "inconsistent with the other objective evidence in the record, which routinely showed she had a mostly normal review of her musculoskeletal systems (Exhibit 18F page 4)." Tr. 42-43. As Plaintiff did not specifically challenge the additional reasons identified by the ALJ for giving less weight to the opinions of Dr. Fix-Lanes, she at least waived any argument regarding the other non-challenged reasons. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("arguments not raised by a party in an opening brief are waived"); *see also Pendley v. Colvin*, 2016 U.S. Dist. LEXIS 53470 at *22–23, 2016 WL 1618156 (Dist. Or. Mar. 2, 2016) (noting that the plaintiff "challenge[d] some, but not all, of the reasons provided by

ORDER - 3

the ALJ" and "any argument against those-non challenged reasons [was] deemed waived"). Even assuming, arguendo, that the finding of waiver is incorrect, the Report and Recommendation properly analyzes each of the ALJ's reasons for according less weight to Dr. Fix-Lanes' opinions.

Plaintiff contends Dr. Fix-Lanes' opinions should have been accorded greater weight because of her treating relationship and understanding of Plaintiff's condition as symptoms of Ehlers-Danlos Syndrome (EDS) do not typically present on imaging studies or lab tests. However, the applicable regulations eliminated the hierarchy giving treating sources more weight than non-treating sources. *See* Revisions to Rules, 2017 WL 168819 (Jan. 18, 2017). Instead, the ALJ is required to evaluate the persuasiveness of all the medical opinions, which the ALJ reasonably performed.

Plaintiff objects to the affirmance of ALJ's analysis of Plaintiff's symptom claims. ECF No. 16 at 4-5. Although the ALJ erred in consideration Plaintiff's daily activities (including her work activity), the error was harmless because the ALJ thoroughly elaborated a number of other substantial and valid reasons. Plaintiff claims the ALJ's error was not harmless because the impact of symptoms on Plaintiff's daily activities "is a material issue." ECF No. 16 at 5. Certainly it is true that Plaintiff's subjective claims play an enhanced role in evaluating a claim involving a complex condition as EDS. However, the other reasons relied upon by

ORDER - 4

the ALJ included inconsistencies with the objective evidence, inconsistencies with the treatment notes, inconsistent statements, conservative treatment, improvement with treatment, and non-compliance with treatment recommendations.  Plaintiff takes issue with the ALJ's reliance on the lack of objective medical evidence and the course of treatment, as the severity of Ehlers-Danlos Syndrome (EDS) symptoms are not easily verified with objective testing.  However, the ALJ in this case did not only rely on the objective testing.  As joint pain is one of the cardinal manifestations of patients with EDS, Tr. 73-80, Plaintiff's presentation on examination and course of treatment was relevant to evaluating the claim of debilitating symptoms.  Plaintiff has not demonstrated that this evidence is not relevant in evaluating the severity of EDS-related symptoms.  The Court finds the ALJ did not impermissibly minimize the effects of EDS or evidence a misunderstanding of the condition in evaluating Plaintiff's symptom complaints against the record as a whole.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's objections to the Report and Recommendation, **ECF No. 16**, are **OVERRULED**.

2. The Report and Recommendation, **ECF No. 15**, is **ADOPTED** in its entirety with the additional explanation herein.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

ORDER - 5

3. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

The District Court Executive is directed to enter this order, **ENTER JUDGMENT** in favor of Defendant, forward copies to counsel and Magistrate Judge Goeke, and **CLOSE THE FILE**.

DATED December 5, 2024.

<u>s/Robert H. Whaley</u>
ROBERT H. WHALEY
Senior United States District Judge

ORDER - 6